CRUMP *et al.* v. PITCHFORD.

No. 123.    Opinion ,Filed October 7, 1902.

(104 Pac. 911.)

1.    **COURTS—County Court—Jurisdiction.** The county court (section 12, art. 7, Const.) is the successor of the probate court as it existed under the territory of Oklahoma only as to matters or proceedings, pending at the time of the admission of the state, and administrations and guardianships as provided in section 12, art. 7, of the Constitution.

2.    **COURTS—County Court—Jurisdiction.** The jurisdiction of the county court is prescribed by section 12, art. 7, of the Constitution except as supplememented by section 23 of the Schedule, and further provided by Act June 4, 1908 (Sess. Laws 1907-1908, p. 284, c. 27.)

3.    **FORCIBLE ENTRY AND DETAINER—Jurisdiction—County Court.** The county court on January 24, 1909. had no original jurisdiction of a forcible entry and detainer action.

(Syllabus by the Court.)

*Error from Craig County Court; Thos. D. B. Frear, Judge.*

Action between Walter Crump and another and A. J. Pitchford. From the judgment Walter Crump and such other bring error. Reversed and remanded with directions.

*Joseph A. Gill,* for plaintiffs in error.
*Paul F. Mackey,* for defendant in error.

WILLIAMS, J.    The question raised in the first assignment of error is that the county court, at the time this action was commenced, to wit, on the 24th ·day of July, 1908, had no jurisdiction of a forcible entry and detainer action. Section 12, art. 7, Const. (Bunn's Ed. § 182), provides that:

"The county court, coextensive with the county, shall have original jurisdiction in all probate matters, and until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding one thousand dollars, exclusive of interest: Provided, that the county court shall not have jurisdiction in any action for malicious prosecu-

tion, or in any action for divorce or alimony, or in any action against officers for misconduct in office, or in actions for slander or libel, or in actions for the specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question; nor to order or decree the partition or sale of real estate, not arising under the probate jurisdiction. * * *"

It is insisted that section 1872 (chapter 22, art. 15, § 396) Wilson's Rev. & Ann. St. 1903, which provides, among other things that the probate courts in their respective counties shall have and exercise the ordinary powers and jurisdiction of justices of the peace, was extended in force in the state. The question arising is whether or not the county court created under the Constitution is the successor of the probate court under the territorial form of government. The county court, by virtue of section 12, art. 7, *supra,* is vested with exclusive original jurisdiction in all probate matters, and section 23 of the Schedule provides:

"When this Constitution shall go into effect, the books, records, papers, and proceedings of the probate court in each county, and all causes and matters of administration and guardianship, and other matters pending therein, shall be transferred to the county court of such county, except of Day county which shall be transferred to the county court of Ellis county, and the county courts of the respective counties shall proceed to final decree of judgment, order, or other termination in said several matters and causes as the said probate court might have done if this Constitution had not been adopted. The district court of any county, the successor of the United States Court for the Indian Territory, in each of the counties formed in whole or in part in the Indian Territory, shall transfer to the county court of such county all matters, proceedings, records, books, papers, and documents, appertaining to all causes or proceedings relating to estates: Provided, that the Legislature may provide for the transfer of any of said matters and causes to another county than herein prescribed."

It will be observed that the district court is specially referred to as the successor of the United States Court for the Indian Territory, and the fact of such reference as to such successorship, without mentioning the county court as the successor

of the probate court, is significant. The county court, under the Constitution, has specifically defined powers and jurisdiction; and, had it been intended for it to have succeeded fully to the jurisdiction of the probate court as it existed under the territory, it would have been so indicated. On the contrary, it having been made by virtue of section 23 of the Schedule the successor only as to pending matters, it appears to be its successor only to that extent, except as it may be affected by section 12, art. 7, of the Constitution. See *Leob v. Leob et al., ante,* p. 384, 103 Pac. 570. It necessarily follows that the county court does not possess the "ordinary powers and jurisdiction of justices of the peace" under the territory of Oklahoma.

The question further arises as to whether or not the county court has jurisdiction of such actions by virtue of the term "civil actions in any amount, not exceeding one thousand dollars exclusive of interest." In such an action, the amount involved is not to be determined by a money judgment. The issue in such cause is not the amount to which any party is entitled, but the right to possession, regardless of whether or not the plaintiff may have the legal right to the premises, as against the defendant if his entry or detention was unlawful. If the amount involved is to be a condition precedent as to whether or not the county court had jurisdiction in a forcible entry and detainer action, it would necessarily require an allegation that the value of the premises or the possessory right in controversy did not exceed $1,000, exclusive of interest, raising thereby a jurisdictional issue for determination, in addition to the issues usually incident to such actions. And, when we further consider the words "exclusive of interest" as used, it appears that only such civil actions were contemplated as where a money judgment might be rendered. No instance has been cited where jurisdiction has been acquired in a forcible entry case by virtue of the amount involved. Further, the probate court under the territory of Oklahoma had concurrent jurisdiction with the district court in all civil cases in any sum not exceeding $1,000, exclusive of costs. Yet in the case of *McClung v. Penny,* 11 Okla.

476, 69 Pac. 499, it was contended that probate courts had no jurisdiction of forcible entry and detainer cases. Jurisdiction, however, was sustained by virtue of the clause (section 1872, Wilson's Rev. & Ann. St. 1903, supra) that probate courts possessed "the ordinary powers and jurisdiction of justices of the peace," without any intimation that it might have had same on account of the provisions that it had concurrent jurisdiction in all civil cases in any sum not exceeding $1,000, exclusive of costs. Such a construction would lead to great uncertainty and interminable trouble. Such action being in its nature summary, its remedy should be available, without uncertainty and with expedition. If the amount involved in such summary proceeding can be put in issue in every such action to defeat jurisdiction, the purposes of the remedy would be abortive. The jurisdiction of the county court being limited and not general, jurisdiction therein is never presumed, and attaches only when specifically authorized. We are accordingly moved to hold that the county court did not obtain jurisdiction of this action. It is therefore not necessary to determine the other matters raised in the record.

The cause is accordingly reversed and remanded, with instructions to dismiss the same for the want of jurisdiction.

All the Justices concur.