**BINGHAM et al. v. HORN, Ex'r, et al.**

No. 17127—Opinion Filed Nov. 30, 1926.

Rehearing Denied Feb. 1, 1927.

1. **Wills—Right of Surviving Spouse to Dispose of Property Acquired by Joint Industry Where no Issue of Marriage.**

Under the proviso to subsection 2 of section 11301, C. O. S. 1921, a surviving spouse may by will dispose of all property coming to such survivor, acquired by the joint industry of the husband and wife during coverture, where there is no issue born of the marriage.

2. **Same—District Court Without Jurisdiction to Determine Heirship Where Will Being Probated in County Court.**

Where a will has been duly admitted to probate in the county court, the district courts of this state are without original jurisdiction to determine heirship and the interest of the claimant heirs, and decree a distribution of the estate.

3. **Same.**

Where an action is originally filed in the district court, praying that plaintiffs be declared heirs at law of a deceased spouse, and that the district court determine their heirship and their proportionate participation in the estate, acquired by the joint industry of the husband and wife during coverture, under the proviso of subsection 2, section 11301, C. O. S. 1921, and the petition shows on its face that the erstwhile surviving spouse disposed of the estate by will, and that such will has been duly filed for probate, the petition fails to state a cause of action, and the judgment of the court sustaining a demurrer to the petition upon such ground is not error.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Canadian County; Lucius Babcock, Judge.

Action by Oliver Bingham and others against Thomas J. Horn, as executor of the last will and testament of George W. Walker, deceased, and Thomas J. Horn in his own right, and 15 others, wherein plaintiffs prayed to be decreed the owners of six twenty-seconds of certain lands. From a judgment sustaining a demurrer to plaintiffs' petition, plaintiffs appeal. Affirmed.

James M. Hays, Russell R. Hays, and Howell E. Hays, for plaintiffs in error.

M. D. Libby, for defendants in error.

Opinion by RUTH, C. The plaintiffs, Oliver Bingham, Mary Ward, Ramy Bingham, Ludy Wilson, Eula McMullen, and Rebecca Browdy, allege they are brothers and sisters of Sange Walker, deceased, whose father and mother were dead at the time of her death; that plaintiffs are the heirs at law of Sange Walker, deceased, who was the wife of George W. Walker, deceased, with whom she lived for 40 years, and until she died in 1919, and as husband and wife, they, by their joint industry during coverture, acquired the property involved in this action, and that no children were born of this marriage.

Plaintiffs allege that as such heirs at law they are the owners of six twenty-seconds of the lands involved. That there being no issue, the lands, under and by virtue of the proviso to subsection 2, section 8418, Rev. Laws 1910 [sec. 11301, C. O. S. 1921], upon the death of Sange Walker went to George W. Walker, who continued to occupy them as a homestead until 1925, when he died without issue, and that, upon his death, the lands descended one-half to the heirs of Sange Walker (these plaintiffs), and one-half to the heirs of George W. Walker.

That Thomas J. Horn and Oscar A. Horn are nephews of George W. Walker, and farmed the lands involved, and by fraud and undue influence they caused George W. Walker to convey these lands to them by deed. Plaintiffs further allege that after the death of George W. Walker, said Thomas J. Horn

produced what purported to be the last will and testament of George W. Walker, and caused the same to be probated in the county court of Canadian county, and plaintiffs allege that George W. Walker could not dispose of more than one-half of the lands by will, and, as to the interests of plaintiffs, the will is null and void. by reason of the proviso hereinbefore referred to, and pray that plaintiffs be declared to be the owners of a six twenty-seconds interest in the estate, and that the purported will, in so far as it may purport to pass title to that portion of said property remaining after the administration which would go to the heirs of Sange Walker, deceased, he held not valid, void, and of no effect, and that the executor be required to turn over to the plaintiffs, heirs at law of Sange Walker, their proportional part of the estate.

A motion to strike and make more definite and certain in some 16 particulars was filed; some were sustained and some overruled, and an amendment to the petition was filed entitled "Amended Petition" in which it is stated that "plaintiffs adopt all portions of the original petition not stricken by the court." and the pleadings appear in the record in a very unsatisfactory state, but we gather from the record, and it is very clearly disclosed in plaintiffs' brief, that this action is brought in the district court to set aside the will of George W. Walker, and to declare the plaintiffs the heirs at law of Sange Walker, and, as such, entitled to six twenty-seconds of the estate acquired by George W. Walker and his wife, Sange Walker, during coverture, under and by virtue of the proviso to subsection 2 of section 11301, C. O. S. 1921, which reads as follows:

"Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of said property remain, one-half of said property shall go to the heirs of the husband, and one-half to the heirs of the wife, according to the right of representation."

To the petition in its final form the several defendants demurred upon several grounds, two of which we shall consider, as being sufficient for this opinion:

(1) That the amended petition did not state a cause of action.

(2) That the court has no jurisdiction of the subject-matter of the action, in that it appears upon its face that George W. Walker died testate and by his will disposed of all his property; that the said will has been admitted to probate and the estate was at the time of filing the petition and at the time of filing the demurrer in course of administration, and the county court of Canadian county has exclusive jurisdiction.

While there were several causes of demurrer assigned, the court refused to pass upon the several causes, but sustained the demurrer upon the ground that the petition failed to state facts sufficient to constitute a cause of action against Thomas J. Horn, in his official capacity as executor, or in his individual capacity, or as against any of the other defendants.

From the judgment of the court sustaining the demurrers, plaintiffs appeal and present this cause for review upon petition in error and transcript of the record.

The brief of plaintiffs is directed exclusively to the construction of the proviso of subsection 2 of section 11301, supra, and its application to the facts in the instant case, together with an argument upon the rules of construction of statutes, and with the authorities cited on construction of statutes we are in accord, but this particular proviso has been construed by this court in several opinions from which this court at this time is not inclined to depart. Certainly, where there is no issue. no one apart from the husband and wife during their lives can have an interest in an estate acquired by the joint industry of husband and wife during coverture, and the statute contemplates the survivor may have absolute dominion of the estate upon the death of the spouse, and may dispose of the same by deed, bill of sale, or otherwise, and in a very recent case, this court has held in Louthan et al. v. Johnson et al., 111 Okla. 173, 239 Pac. 173:

"In the instant case, upon the death of the husband, the wife became the sole heir and absolute owner of the jointly acquired property by virtue of the plain provisions of the proviso of the second subdivision of section 11301, Comp. St. 1921. She could dispose of it by deed, bill of sale or by any other conveyance. It is only in the event that she should die intestate, leaving some of the community property undisposed of, that the property remaining undisposed of could be administered and distributed to the heirs entitled to the same under the statute. In this case, Adeline Louthan did not die intestate, but made disposition of her estate by her last will and testament. Such, we think, is the rule of law announced in Black v. Haynes, supra, which rule has not been departed from in any subsequent decision of this court and is therefore applicable to the facts of the instant case" citing In re Estate of Stone, 86 Okla. 33, 206 Pac. 246,

and Black v. Haynes, 45 Okla. 363, 145 Pac. 362.

It further appears from the plaintiffs' petition that the purported will of George W. Walker was offered for probate and duly admitted for probate in the county court of Canadian county and was not contested, and the record discloses the estate is now in process of administration in that court, and it is to that court those claiming heirship should apply for the purpose of determining heirship, or for redress upon the grounds of the procurement of the will by fraud or undue influence, and to determine what estate or portion thereof passed by the will.

Section 12 of article 7 of the Constitution provides that the county court, coextensive with the county, shall have original jurisdiction of all probate matters, and section 13 of article 7 of the Constitution provides:

"The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, * * * transact all business appertaining to the estates of deceased persons. minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the sale, settlements, partition, and distribution of the estates thereof. * * *"

To determine the petition stated a cause of action, would, in effect, be conferring upon district courts jurisdiction in probate matters, concurrent with the county courts, in direct conflict with the Constitution of the state. The district court would have to determine the value of the estate; and perhaps appoint appraisers; determine who were heirs and the interest due each, and that there were no creditors. This would be a usurpation of the jurisdiction conferred exclusively upon the county courts, and as was said in Galvin v. Mutual Savings Bank et al. (Cal.) 92 Pac. 322:

"The Code very wisely provides a process for administration in the probate courts of estates of deceased persons whereby the existence of creditors or heirs may be conclusively established. * * * We have never known of an estate being legally settled in any other manner; in fact, the question has been passed upon, and should not again be presented here." Citing In re Pina, 112 Cal. 14, 44 Pac. 332; Estate of Stong, 119 Cal. 663, 51 Pac. 1078.

This question appears to have been passed upon by this court in several opinions, and in Ward et al. v. Board of County Commissioners of Logan County et al., 12 Okla. 267, 70 Pac. 378, it is held:

"Where the probate court, having jurisdiction of the probate of a will, admits such

will to probate, and such order and judgment becomes final, it cannot be attacked collaterally in the district court in a suit in ejectment brought by the heirs to dispossess the devise under the will, of real estate devised to him by the terms of such will."

See, also, Lucas et al. v. Lucas et al., 65 Okla. 96, 163 Pac. 943.

In Cabin Valley Mining Co. v. Hall, 53 Okla. 760, 155 Pac. 570, this court had before it the question of whether or not county courts of this state have authority to authorize a guardian to execute an oil and gas mining lease upon the lands of the ward for a period of years extending beyond the ward's minority, and this court said:

"The extent of the jurisdiction of the county court must be determined by an examination of the various provisions of the Constitution and statutes relating thereto, as they have no inherent jurisdiction." Citing Ozark Oil Co. v. Berryhill, 43 Okla. 523, 143 Pac. 173; In re Bolin's Estate, 22 Okla. 851, 98 Pac. 934.

And the court quotes with approval Mallen v. Ruth Oil Co., 230 Fed. 497, wherein considering the jurisdiction of county courts, it was said:

"The jurisdiction is full and complete so far as relates to matters appertaining to business of estates of minors, because it applies to all business of that character. It must be exclusive because it is not to be presumed, in the absence of clear provisions to the contrary, that the framers of the Constitution intended there should be any division of authority between the county courts and any other courts of the state relating to this important matter, in view of the embarrassment and confusion which such divided authority would lead to. The jurisdiction is neither in plain terms nor by implication lodged in any other court."

It is admitted by counsel for plaintiffs that the estate of George W. Walker is in process of administration in the county court of Canadian county, and that plaintiffs have appeared in that court and set up their claim to a right to participate in the estate, under the proviso of subsection 2, sec. 11301, C. O. S. 1921, and in the event the cause is determined adversely to plaintiffs, they have their right of appeal until a final determination by the Supreme Court.

If this court should, upon the proper presentation of the case on appeal, be of opinion the former rulings of this court should be reversed as to the question presented, and defendants attempted to retain possession of the property, asserting title under the

deed, the plaintiffs may attack the deed and bring their action to vacate the same and for ejectment, through the proper forum.

This court having adopted this view of the constitutional provision with relation to minors' estate, it is equally applicable to all classes of persons embraced within the section, that is to say, "Estates of deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards."

In view of the authorities above quoted we can find no error in the record, and the judgment of the trial court should be and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 40 Cyc. p. 1050 (Anno). (2) 15 C. J. p. 1004, §418; p. 1009, §421; p. 1131, §581; p. 1133, §582. (3) 18 C. J. p. 871, §124; 24 C. J. p. 515, §1368; p. 516, §1374.