### RENDER v. CAPITOL HILL UNDERTAKING CO.

No. 25351.   Jan. 21, 1936.

Rehearing Denied March 10, 1936.

Second Petition for Rehearing Denied April 21, 1936.

McPherren & Maurer, for plaintiff in error.

Billups & Billups, for defendant in error.

BUSBY, J. In the case of Capitol Hill Undertaking Co. v. Render, 149 Okla. 132, 299 P. 854, this court reversed a judgment of the district court of Oklahoma county, and, upon review of the evidence, remanded the cause to the trial court, with directions to dismiss the action. Our decision became

final, a mandate was issued and judgment of the trial court was entered in accord with the announced judgment of this court.

J. T. Render, plaintiff in that case, then filed a petition in the district court seeking to vacate the judgment under the provisions of the fourth subdivision of section 810, C. O. S. 1921 (sec. 556, subd. 4, O. S. 1931). It was asserted, in substance, that fraud in procuring the judgment was practiced by the successful party in that some of the records introduced in evidence were forged and some of the evidence was false.

In Vacuum Oil Co. v. Brett. 150 Okla. 153, 300 P. 632, we said in paragraph 1 of the syllabus:

"False evidence or perjury alone, relative to an issue tried, is not sufficient ground for vacating or setting aside a judgment; the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the judgment was rendered: it must be such fraud as to prevent the other from having a trial of the issues."

See, also, Hensley et al. v. Conard et al., 99 Okla. 173 226 P. 54: Steil v. Leverett, 133 Okla. 300, 272 P. 412; Cochran v. Barkus, 112 Okla. 180, 240 P. 321.

This case falls within the rule as stated, and does not, as is contended by the plaintiff, come within the exception to the rule recognized in El Reno Mut. Fire Ins. Co. v. Sutton, 41 Okla. 297, 137 P. 700. The trial court so held in sustaining a demurrer to plaintiff's petition and its decision is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and GIBSON, JJ., concur.