## In re KELLY'S ESTATE.

No. 28563.   Jan. 17, 1939.

Rehearing Denied March 21, 1939.

E. E. Blake and Hays Dillard, for plaintiffs in error.

Harley Ivy, for defendants in error.

GIBSON, J.   According to the briefs submitted by the parties, the controlling question presented for determination on this appeal is whether the county court has exclusive jurisdiction to settle the account of a deceased executor who had filed no report during his lifetime and, in furtherance of that jurisdiction, require the personal representatives of said executor to render an accounting on behalf of their decedent's estate.

The district court on appeal decided the foregoing question in the negative and remanded the cause to the county court with directions to dismiss the proceedings in accounting.

The judgment of the district court was correct, and we must affirm the same. When an administrator or an executor dies before his account is settled in county court, the matter thereupon becomes one of equitable cognizance and the county court has no further jurisdiction in the particular proceeding. Accounting may be had only in a court possessing equitable powers. This court has so held in the case of a deceased guardian who had not rendered his account. Title Guaranty & Surety Co. v. Burton, 67 Okla. 320, 170 P. 1170; and we have on a former occasion said that this rule applies in the case of a deceased administrator or executor. Spencer v. Hamilton, 156 Okla. 194, 13 P.2d 81, 82. In the latter case we held that the county court after removal of an administrator lost jurisdiction of the settlement of his account, and that suit in the district court against the administrator and his surety for an accounting was proper. So far as the question of jurisdiction in such case is concerned, removal is treated as analogous to death.

We here apply to the case of a deceased executor the rule as applied in the case of a deceased guardian in Title Guaranty & Surety Co. v. Burton, above. It reads as follows:

"Where a guardian dies without an accounting and settlement of his affairs as guardian having been made in the county court, such settlement and accounting can only be had in a court possessing the power and jurisdiction of a court of equity by proceeding against the executors and other necessary parties."

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, and HURST, JJ., concur. DAVISON and DANNER, JJ., absent.