KELLY v. THOMPSON et al.

*99 P. 2d 503.*

No. 28564.    Nov. 21, 1939.

Rehearing Denied Dec. 19, 1939.

Second Petition for Rehearing Denied Jan. 23, 1940.

E. E. Blake, of Oklahoma City, and Hays Dillard, of Waurika, for plaintiff in error.

Harley Ivy, of Waurika, for defendants in error E. B. Ellis and M. J. McGraw.

GIBSON, J. This proceeding w a s commenced in the district court of Jefferson county by Cora Kelly in her individual capacity and as administratrix with will annexed of the estate of T. B. Kelly, to vacate a judgment rendered in a certain action instituted by her as administratrix aforesaid against the personal representatives of one E. J. Kelly, deceased, for an accounting and to obtain judicial construction of the will of the said T. B. Kelly. Plaintiff below appeals from a judgment rendered on sustaining demurrer to her evidence.

The parties in error are referred to herein as plaintiff and defendants, respectively.

Fraud constituted the basis of the attack upon the judgment. The jurisdiction of the district court over the subject matter is also questioned. According to the facts as disclosed by plaintiff's evidence, the said T. B. Kelly and E. J. Kelly were partners owning considerable estate. In April, 1931, T. B. Kelly died testate in Jefferson county, and E. J. Kelly was appointed administrator with will annexed of his estate. Some five years later E. J. Kelly died testate in said county without having rendered an account as administrator aforesaid. The defendants E. B. Ellis and M. J. McGraw were thereupon appointed administrators with will annexed of the estate of E. J. Kelly, Cora Kelly, plaintiff herein and widow of T. B. Kelly, was appointed administratrix of the estate of the latter to succeed E. J. Kelly, deceased.

Under the management of E. J. Kelly the partnership estate had become somewhat confused with respect to the payment of the expenses of operation and the payment of certain bequests under the will of T. B. Kelly. Upon suggestion of the parties the county court ordered the representatives of the two estates to procure an audit for the benefit of the court and all concerned in their endeavor to bring about a full adjustment and accounting between the estates. Cora Kelly agreed to the proposal, and as administratrix paid half the cost thereof.

Upon completion of the audit, copies of the same were given to plaintiff and to the defendants Ellis and McGraw as representatives of the estate of E. J. Kelly. It disclosed a balance of approximately $4,000 due from the T. B. Kelly estate to the E. J. Kelly estate.

For many years the law firm of Vertrees & Anderson had represented the Kellys in their legal matters. Upon the death of T. B. Kelly this firm was engaged to represent E. J. Kelly as administrator aforesaid, and was employed by Cora Kelly in a like capacity. Ellis and McGraw also retained these attorneys to represent them as administrators of the E. J. Kelly estate.

Thereafter Vertrees & Anderson advised the plaintiff and the defendants Ellis and McGraw that an action in district court would be necessary to final settlement of the accounts of E. J. Kelly as administrator of the estate of T. B. Kelly, and that in such action for accounting it would be necessary for the court to construe the will of T. B. Kelly with reference to certain legacies therein provided for Cora Kelly in the nature of payments to her from the income of the estate. Vertrees & Anderson, as attorneys for Cora Kelly, administratrix, then prepared and filed a petition in district court for the purpose aforesaid. Ellis and Mc-

Graw, as administrators of the E. J. Kelly estate, and certain heirs named as defendants in error herein, were the defendants in said action. All parties entered general appearance, said heirs through their attorney, Mr. Harper. Ellis and McGraw filed answer seeking judgment for the balance of $4,000 as shown by the audit above mentioned. This answer was prepared by Vertrees & Anderson.

The cause came on regularly for trial with Vertrees & Anderson representing plaintiff, Mr. Harper representing the heirs aforesaid, and Ellis and McGraw appearing in person but without counsel. On account of a scheduled convention to be held in the courtroom, the trial, on agreement of all parties, was adjourned to the office of Vertrees & Anderson. According to the testimony of Hon. Eugene Rice, trial judge, regular trial was there had. Upon stipulation of all parties, Vertrees & Anderson for Cora Kelly, administratrix, Harper for certain heirs, and Ellis and McGraw for the estate of E. J. Kelly, that the aforesaid audit was correct, judgment for $4,000 was entered against the estate of T. B. Kelly in favor of the estate of E. J. Kelly, and the will was given certain interpretation. This judgment became final, and Cora Kelly now seeks to have the same vacated. She charges fraud on the part of her said attorneys, Vertrees & Anderson.

Plaintiff alleges in substance that she had never seen the petition on accounting, had not authorized her attorneys to file the same and had no knowledge of the action until long after the judgment was entered. She asserts there was actually no trial, but merely an agreed settlement without her knowledge or consent, with Vertrees & Anderson representing both estates in what she alleges was an adversary proceeding.

The trial court found specially that the plaintiff herein understood the nature of the accounting suit and the purposes thereof, and had authorized Vertrees & Anderson to commence the same; that Mr. Anderson prepared the answer therein for Ellis and McGraw, but that at that time no real controversy had arisen between the parties as to what the judgment should be. It was further found that at the time the accounting action was filed and until the judgment was rendered, the administrators of both estates were interested in having a judicial settlement of the accounts of E. J. Kelly as administrator made a matter of record, but that no real controversy existed between them at any time during the entire period as to what the settlement ought to be. It is further found that Vertrees & Anderson acted at all times in the best of faith and rendered the best possible service in representing the plaintiff. The court was unable to determine whether plaintiff had actual notice of the accounting trial. It was found, further, that the trial in the office of Vertrees & Anderson was properly conducted; that the adjournment to said office was ordered after all parties had agreed thereto.

The findings of the trial court are supported by the overwhelming weight of the evidence as offered by the plaintiff. This being an equity case, we are to accept the facts as found. Penny v. Vose, 108 Okla. 103, 234 P. 601.

In addition to the factual question, we are to determine, first, whether the district court had jurisdiction of the accounting feature of the action; second, whether it had power to construe the will; third, whether, in view of the adjournment to the office of Vertrees & Anderson, there was actually a trial of the cause; fourth, whether the act of Vertrees & Anderson in preparing the answer of defendants Ellis and McGraw constituted either legal fraud or collusive connivance on the part of said attorneys and the defendants to defeat or prejudice the rights of the plaintiff, resulting in an unfair submission of the cause.

The first question has recently been answered in the affirmative in a related case. In re Kelly's Estate, 184 Okla. 489, 88 P. 2d 335.

The district court also had power to construe the will. Courtney v. Daniel, 124 Okla. 46, 253 P. 990.

We have no provision of law requiring

that court be held in any certain building. So long as it is conducted in the city designated by law for holding court, there is no reason why, by agreement, trial may not be had away from the official courtroom. See Mohon v. Harkreader, 18 Kan. 383.

The facts as settled by the trial court show that Vertrees & Anderson made no contentions at the trial adverse to the interests of the plaintiff either in her personal right or as administratrix of the estate of T. B. Kelly. Neither did they suppress f a c t s or circumstances that would have aided her. Plaintiff knew that the accounting case was to be filed, was aware of its purpose, understood its probable and expected result, and was aware that the will was to be construed relative to her personal rights. The parties submitted all the evidence in their possession, the audit. None cared to dispute the accuracy thereof. So far as they could ascertain, it constituted a true and accurate basis for the accounting, and plaintiff knew it was to be so used. Parties are not to be suspicioned merely because they agree on the evidence in a cause. Plaintiff has failed to show that Vertrees & Anderson did not conduct the entire proceeding suitable in every respect to her understanding of the matter. In short, she has failed to produce any evidence to indicate that the alleged misconduct of her attorneys and her opponents may have prevented her from having a fair trial, or caused the entry of a judgment other than a proper one in the premises. In the absence of such showing, the judgment will ordinarily not be vacated for fraud. Render v. Capitol Hill Undertaking Co., 176 Okla. 520, 56 P. 2d 829.

The accounting action was actually an adversary proceeding, but the issues, both law and fact, were virtually settled and agreed by the parties, including plaintiff, and the judgment as rendered was fully anticipated by all concerned. In such case the mere fact that counsel for one party prepared the pleadings for the other is not sufficient to justify the conclusion that the former has been prevented from having a trial of the issues.

That act alone, done under circumstances as here presented, does not constitute professional misconduct to the point of actual or legal fraud.

Plaintiff has cited McLaughlin, Ex'r, v. Yingling, 90 Okla. 159, 213 P. 552, as a case in support of her charge of fraud. There McLaughlin had been appointed executor of the same will both in Oklahoma and in Ohio. As executor by appointment in Ohio he sued himself in an Ohio court as executor by appointment in Oklahoma. No answer was filed or defense made on behalf of himself as an Oklahoma executor. This court affirmed the holding of the trial court that there was actually no trial and that the suit was instituted for a fraudulent purpose. The case is not helpful here, for the facts are in no manner similar.

The trial court must exercise its sound discretion in proceedings to vacate a judgment for fraud, and in the absence of an abuse of such discretion its judgment must stand on appeal. Donley v. Donley, 184 Okla. 567, 89 P. 2d 312. We fail to detect any indication of an abuse of discretion in the instant case, and must therefore affirm the judgment.

Judgment affirmed.

BAYLESS, C. J., and WELCH, V. C. J., and RILEY, OSBORN, and HURST, JJ., concur. DANNER, J., dissents. CORN and DAVISON, JJ., absent.