Fannie HAYHURST, Plaintiff in Error,

v.

Archie HAYHURST, Orley Hayhurst, Annie Hayhurst, Archaline Hayhurst, Sadie Louise Hayhurst Akins, the unknown heirs, executors, administrators, devisees, trustees and assigns, immediate and remote, of H. H. Hayhurst, deceased, and the State of Oklahoma, Defendants in Error.

Sadie Louise Hayhurst AKINS, Plaintiff in Error,

v.

Orley HAYHURST, Defendant in Error.

Nos. 41514, 41579.

Supreme Court of Oklahoma.

Nov. 29, 1966.

Rehearing Denied Dec. 13, 1966.

Erwin & Erwin, Chandler, for plaintiff in error Fannie Hayhurst.

John W. Taber, Chandler, for defendant in error Orley Hayhurst.

William A. Vassar, Chandler, for defendants in error Archie Hayhurst, Annie Hayhurst, Archaline Hayhurst and Sadie Louise Hayhurst Akins; and for last named party as plaintiff in error in No. 41,579.

JACKSON, Vice Chief Justice:

In May, 1932, H. H. Hayhurst executed a will in proper form which, omitting formal parts, provided as follows (spacing, punctuation, etc., as in the original will):

(2) I give, devise and bequeath, to my beloved wife, Fannie Hayhurst, the following described property, to wit:

All of the Northwest Quarter of Section 7, Township 16, Range 4 East containing 160 acres more or less.

All of the West one half of the Northeast Quarter, of Section 7, Township 16, Range 4 East, containing 80 acres more or less, the above described real estate located in Lincoln County, Oklahoma.

All of Lots No. 21–22–23–24–25 and 26, Block No. 52, together with all improvements thereon, in the Town of Depew, Creek County, Oklahoma, as shown by the original plat thereof.

All Money at interest, all money in bank or elsewhere, all my Household goods, all my shares of stock now owned by me in the Oklahoma Natural Gas Company, and any and all property of every kind and description of which I may die possessed of. She to have and to hold all the above described property during her lifetime, and at her death, I., give and bequeath all the remainder of the above described property to my sons namely; Archie Hayhurst and Orley Hayhurst, share and share alike, if both surviving, in case my son Archie Hayhurst should not survive my wife Fannie Hayhurst, then I direct the payment of the sum of $25.00 to Annie Hayhurst his wife, and the sum of $25.00 to Archaline Hayhurst his adopted daughter, and any all the remainder to go to my son Orley Hayhurst, if living, and if not living to Sadie Louise Hayhurst his daughter.

In the will, Hayhurst appointed his wife, Fannie Hayhurst, to be sole executrix, and to serve without bond.

In November, 1932, Hayhurst died leaving surviving him the wife, two sons and two grand-daughters named in the will.

About a week later, Fannie Fayhurst filed in the County Court of Creek County a petition for the probate of the will, giving the required statutory notice. This probate proceeded in regular course through the appointment of Fannie Hayhurst as executrix. Nothing more has been done in the case.

In May, 1964, Fannie Hayhurst filed a petition in the District Court of Lincoln County, the pertinent allegations of which may be summarized as follows: that the plaintiff is the owner of the real estate described in the will (describing it); that the real estate formerly belonged to H. H. Hayhurst, who died testate in 1932, leaving a will which has been admitted to probate; a copy of the will "is made a part hereof for consideration and construction by this court"; that notice to creditors has been given and all debts and administration expenses have been paid; that by paragraph 2 of the will (quoting it only through the description of real estate) deceased left a fee simple title in the real estate to plaintiff; that by subsequent language "a cloud has been created upon the title of plaintiff"; that the court should construe the will so as to give a full fee simple title to the plaintiff; that plaintiff also has a title by prescription by virtue of adverse possession for fifteen years. The concluding paragraph of the petition was as follows:

"Wherefore, plaintiff prays judgment: That the court construe the will of said deceased as devising a fee simple title in all of the above described real estate to the plaintiff; that her title be quieted and confirmed against any and all claims, liens and demands of defendants; that the defendants be excluded from any right, title or interest in and to said real estate; and that the plaintiff have all other proper relief including costs of suit."

Defendants in the district court case were all of the people identified by name in paragraph 2 of the will, plus the unknown heirs, etc., of Hayhurst, and the State of Oklahoma. Proper service was had on all defendants. The State of Oklahoma (Oklahoma Tax Commission) filed a disclaimer as to any lien for estate, inheritance or transfer taxes.

At all stages of the proceedings, the named defendants preserved an objection to the jurisdiction of the District Court of Lincoln County to construe the will and quiet the title.

After a trial on the merits, the district court ruled generally in favor of defendants and against the plaintiff, finding in effect that plaintiff took only a life estate under the will and not a fee simple title. From the judgment, plaintiff Fannie Hayhurst appeals (No. 41,514 in this court). On a separate dispute arising from the pleadings between the defendants Orley Hayhurst and Sadie Louise Hayhurst Akins, the court ruled in favor of Orley Hayhurst, and Sadie Louise Hayhurst Akins prosecutes a separate appeal to this court (No. 41,579).

We will consider first the appeal of Fannie Hayhurst (No. 41,514). In the view we take, it will only be necessary to consider the question of the jurisdiction of the district court to grant the relief sought under the facts presented.

■ The question of jurisdiction is primary and fundamental in every case, and must be inquired into and answered by this court both as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by a party or not. Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okl. 335, 193 P.2d 586.

■ On this question, plaintiff argues in her brief that "a District Court has jurisdiction to construe a will and determine the interests of the heirs or devisees particularly where a probate proceeding has been pending for more than three years". From the reference to "three years", it

would seem that plaintiff contends that the court has jurisdiction under 84 O.S. 1961, § 257.

This section, commonly called the "three year statute", gives the district court jurisdiction to determine the heirs of any persons dying intestate, and the property or proportions thereof which each took, or was entitled to take, when three years have elapsed without there having been such a determination in the course of regular administration proceedings in the county court. As to persons dying testate, however, this statute by its terms is applicable only where such person dies " * * * having devised pursuant to the law of this State any real property in this State, in terms to 'heirs,' 'relations,' 'nearest relations,' 'representatives,' 'legal representatives,' 'personal representatives,' 'family,' 'issues,' 'descendants,' 'nearest of kin,' or to persons by any other description or designation *which leaves at large the names* or individual identity of the particular person embraced therein * * *" (emphasis supplied). In the Hayhurst will, the names of the heirs are not left "at large", but they are specifically identified.

In argument on this question, plaintiff cites the holdings of this court in Franklin v. Margay Oil Corporation, 194 Okl. 519, 153 P.2d 486; Courtney v. Daniel, 124 Okl. 46, 253 P. 990; and Gutensohn v. McGuirt, 194 Okl. 64, 147 P.2d 777.

In *Franklin*, 84 O.S.1961, § 257, is not mentioned as the basis of the jurisdiction of the trial court. That case was an action to quiet title in which oil and gas lessees sought a determination of the respective interests of all parties in leases executed by the trustees of a testamentary trust. The testator had died on Aug. 7, 1941, and the district court action was brought less than three years thereafter. The estate had been fully administered and decree of distribution (to the trustees) had been entered, in the county court. The conflicting claims of the parties under the oil and gas leases arose after the probate case was closed. In the second and third paragraphs of this court's syllabus, it is made clear that the jurisdiction of the trial court was justified under the familiar rule that a court of equity has inherent power to construe the *trust* provisions of a will *incidentally* in actions otherwise properly before it. On this point, in the body of the opinion, Courtney v. Daniel, 124 Okl. 46, 253 P. 990, is cited.

In *Courtney*, the second case cited by plaintiff in the instant case, plaintiffs, children of a deceased testator, filed an *action in partition* in which they attacked as fraudulent certain orders in the pending county court probate case, and also prayed for the cancellation of conveyances and instruments dated both before and after the death of the testator. On the subject of the jurisdiction of the district court, this court said at page 992 of the Pacific Reporter:

" * * * the district court has power to vacate and annul orders and judgments of other courts in a proceeding brought for that purpose for fraud of the parties, inducing and entering into such order or judgment, where such fraud is extraneous to the issues involved in the proceedings attacked. * * * Plaintiffs' allegations are sufficient to come within this rule, and thus to confer jurisdiction on the district court in this case."

On the same page the court also said:

" * * * The district court, having *jurisdiction in partition,* had also incidental jurisdiction, on issues joined for that purpose, to determine whether the children and grandchildren took under the law or were barred by the will pretermitting them." (Emphasis supplied)

Guttensohn v. McGuirt, 194 Okl. 64, 147 P.2d 777, involved the estate of one who died intestate and is not in point on the facts.

We hold that 84 O.S.1961, § 257, under the facts in the instant case, does not confer jurisdiction upon the district court to construe the will or determine the heirs or devisees of H. H. Hayhurst.

Art. 7, Sec. 10 Okl.Const., provides that district courts shall have original jurisdiction in *all* cases, except where exclusive jurisdiction is by "this Constitution, or by law," conferred on some other court. In the cited cases (Franklin v. Margay Oil Corporation, Courtney v. Daniel, as well as in Kelly v. Thompson, 186 Okl. 479, 99 P.2d 503), the district courts were called upon to grant relief which was not available in the probate cases. The jurisdiction to construe the will was held "incidental" to the primary relief sought.

In the second paragraph of the syllabus in Bingham v. Horn, 123 Okl. 193, 252 P. 847, we held:

> "Where a will has been duly admitted to probate in the county court, the district courts of this state are without original jurisdiction to determine heirship and the interest of the claimant heirs, and decree a distribution of the estate."

In the body of the opinion in the Bingham case we referred to the provisions of Art. 7, Secs. 12 and 13, Okla.Const., and concluded that these sections confer "original" and "general" jurisdiction upon the county court "to determine what estate or portion thereof passed by the will". That case has been cited with approval in State ex rel. Morrell v. Worten, 161 Okl. 130, 17 P.2d 424, and in Dillard v. Franklin, 177 Okl. 34, 57 P.2d 629.

■■■ While it is recognized that the jurisdiction of courts in Oklahoma are necessarily controlled by constitutional and statutory provisions it appears that our decisions are in substantial harmony with the general rule as stated in 96 C.J.S. Wills § 1075(a), (c) and (d), as follows:

> "(a) * * * courts of equity have no power to construe wills as a distinct and independent branch of jurisdiction, but the power is exercised only as incident to their general jurisdiction over trusts * * * or where other recognized grounds of equity jurisdiction exist * * *."

> "(c) Although there is some authority to the contrary, except where authorized by statute, a suit may not be entertained by a court of equity where the sole purpose thereof is the construction of a will without asking for further relief".

> "(d) Where a case is properly brought in a court of equity, under some of its known and accustomed heads of jurisdiction, and the question of the construction of a will incidentally arises, the court has jurisdiction to construe the will in order to afford the relief to which the parties are entitled * * *. The rule has been applied * * * in actions to quiet title". (Emphasis supplied.)

■■■ It is well settled that a county court in distributing an estate under the terms of a will has jurisdiction to construe and interpret the will under which property is distributed. Matthewson v. Hilton, Okl., 321 P.2d 396, and Oberlander v. Eddington, Okl., 391 P.2d 889.

It may be conceded that, in the trial court, the instant action was, at least in form, an action to quiet title. However, the only specific "cloud" mentioned in the petition is the "subsequent language in said will". No other specific claim of any kind on the part of the named defendants is mentioned. In paragraph 7 of the petition, it is alleged that the named defendants "have apparent claims of right, title, interest and estate in and to said real estate or lien thereupon but in fact have no interest therein". Aside from the language of the will, the nature of these "apparent claims" is not set out in the petition and the allegation that the defendants "have no interest" in the real estate is but a conclusion, based upon plaintiff's construction of the will.

■■■ Even the claim of title by prescription turns, in this case, upon the construction of the will. If a fee simple title was devised, of course the claim of title by adverse possession is surplusage. If the testator devised only a life estate to plaintiff, she is precluded from claiming title by adverse possession as against the remain-

dermen by the general rule that one may not claim adversely to his cotenants. In this connection, we note that there was filed in the case, four months in advance of trial, a stipulation to the effect that plaintiff "* * * has been in possession of the two farms in Lincoln County, Oklahoma, described in the petition and collecting the rents thereon *as executrix* of the estate of her deceased husband and has been occupying the property in the Town of Depew in Creek County, Oklahoma, described in the petition *as her homestead* since her husband's death" (emphasis supplied). Since under the stipulated facts Fannie Hayhurst has possession of the property as executrix, and occupies a fiduciary relationship to the other parties interested in the estate, she is in no position to claim a title by adverse possession as against them; 3 Am.Jur.2d Adverse Possession, Sec. 231; 2 C.J.S. Adverse Possession, § 91; Cook v. Craft, 207 Okl. 125, 248 P.2d 236. We note in passing that no effort at all was made at the trial to contradict the stipulation and show that plaintiff's possession was adverse to the claims of the named defendants, or to show that there has been an actual ouster of her cotenants. Under these circumstances, it would seem that plaintiff's allegation of title by prescription in her petition has been nullified by her stipulation.

Upon a careful examination of the record and briefs before us, we are forced to the conclusion that there was nothing "incidental" about the construction of the will of H. H. Hayhurst in this case, but that it was in fact the primary, if not the sole, object sought by plaintiff when she initiated the case. By her stipulation, filed four months before trial, she in effect removed from the consideration of the court the issue of whether she had a title by prescription. All of the named defendants in the district court case were parties to the pending probate proceeding in the County Court of Creek County, and the final decree of said county court, within its jurisdiction, would have been binding upon them, and would of neceessity have included a construction of the will. Plaintiff in the district court, Fannie Hayhurst, was also the petitioner in the probate case in the County Court of Creek County, and procured her own appointment as executrix. Her unexplained delay in bringing the probate case to a conclusion does not commend her to a court of equity.

The rationale of the rule permitting courts of equity to construe wills only incidentally in cases arising under some of the "known and accustomed heads of jurisdiction" is clear. In construing wills, courts of equity intrude upon the statutory jurisdiction of the probate courts which, though trying only the issue of the "factum of the will" in admitting a will to probate, must of necessity thereafter construe the will when making the final decree of distribution at the completion of the administration of the estate. Such an intrusion is to be avoided when possible, and is permissible only in cases of necessity.

The necessity arises, in courts of equity, when the court is required to determine the rights of the parties in the subject matter, in order to effectually exercise its equity jurisdiction. For instance, in partition cases, the court must know who owns the various undivided interests in order to determine who has a right to elect to take the property at the appraised value, as provided by statute. In such a case, the court may "incidentally" construe a will, if necessary, in pursuance of the unquestioned jurisdiction of courts of equity in actions in partition.

We hold that the instant action, though in form an action to quiet title, was in substance nothing more than an action for the construction of the will of H. H. Hayhurst. Such being the case, the district court was without jurisdiction. In No. 41,514, the appeal of Fannie Hayhurst, the judgment is vacated and the cause is remanded to the trial court with directions to dismiss the cause for want of jurisdiction.

In No. 41,579, Sadie Louise Hayhurst Akins v. Orley Hayhurst, the dispute

between the parties arose because of a court authorized withdrawal of a disclaimer filed by Orley Hayhurst (father of Sadie Louise Hayhurst Akins) in Fannie Hayhurst's quiet title action. Since the will has several contingent provisions, and has not been construed for lack of jurisdiction in the district court, we are of the view that the questions therein presented are abstract and hypothetical and should not be decided by this court. Town of Covington v. Coberly, 136 Okl. 20, 275 P. 1064.

In case No. 41,579, Sadie Louise Hayhurst Akins v. Orley Hayhurst, the cause is remanded to the trial court with instructions to vacate the judgment entered in favor of Orley Hayhurst against Sadie Louise Hayhurst Akins on her cross-petition without prejudice to any subsequent appropriate action, and the appeal herein is now dismissed.

DAVISON, BLACKBIRD, IRWIN and HODGES, JJ., concur.

HALLEY, C. J., and WILLIAMS, BERRY and LAVENDER, JJ., dissent.

WILLIAMS, Justice (dissenting):

I respectfully dissent to the portion of the Court's opinion suggesting that in Oklahoma the County Court is the tribunal in which to commence a proceeding for the construction of a will. See discussion.

By § 11 of the Organic Act (Act of Congress, May 2, 1890, 26 U.S. St. at Large, pp. 81–100), it was provided, inter alia, that certain "chapters and provisions of the Compiled Laws of the State of Nebraska, in force November first, eighteen hundred and eighty-nine, in so far as they are locally applicable, and not in conflict with the laws of the United States or with this act, are hereby extended to and put in force in the Territory of Oklahoma until after the adjournment of the first session of the legislative assembly of said Territory, namely: The provisions * * * of sections fifteen and sixteen of article six [now Article V] of the constitution of said state, and of

chapter twenty of said laws, entitled 'Courts—probate;' of chapter twenty-three, entitled 'Decedents'; * * *."

Section 9 of such Article VI (now Article V) of the Nebraska constitution provided that the district courts should have both chancery and common law jurisdiction and such other jurisdiction as the legislature might provide, etc.

Section 15 of such Article VI (now Article V) provided for the election in each county of a county judge, who should be judge of the county court and section 16 thereof provided that the county courts should be courts of record, should "have original jurisdiction in all matters of probate, settlement of estates of deceased persons, * * * and such other jurisdiction as may be given by general law * * *." Section 3 of Chapter 20 provided that "The courts of probate in their respective counties shall have exclusive jurisdiction of the probate of wills, the administration of estates of deceased persons, and * * *".

The chapter on decedents (23) included provisions concerning the making, construction and probate of wills (§§ 123–162).

Section 124 of Chapter 23 provided as follows: "Every devise of land, in any will hereafter made, shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear, by the will, that the devisor intended to convey a less estate."

On the page of the "Compiled Statutes of the State of Nebraska, 1881, (Fourth Edition) With Amendments 1882 to 1889, Comprising All Laws of a General Nature in Force November 1, 1889", containing such section 124, supra, (p. 415) references made to a citation of such section 124 in "25 Neb. 322."

The reference is to the case of Little et al. v. Giles, et al., 25 Neb. 313, 322, 41 N.W. 186, 188, decided January term 1889. In that case the facts were that Jacob Dawson, who died in June, 1870, had provided in his will dated May 10, 1869, that his estate go to his wife, "the same to remain hers, with full power, right, and authority to dis-

pose of the same as to her shall seem most meet and proper, so long as she shall remain my widow; upon the express condition, however, that if she shall marry again" the estate should go to his children.

Plaintiffs, claiming under the widow, instituted in the district court of Lancaster County, an action to quiet title to certain real estate in the City of Lincoln, against defendants, who claimed under the children. The court said "the determination of the case depends upon the construction of the will of said Jacob Dawson".

The court, in concluding its opinion, further said:

"The heirs seem to have been fed and clothed during their minority with means derived from the sales of their father's estate, and while retaining all these benefits, as well as the benefit of the payment of the debts of their father by such sales, they ask for the land also. If they were entitled to such a judgment, it would be upon purely legal grounds, and not for *equitable* considerations." (Emphasis supplied).

The court further said the widow had the power to sell and exercised it before she re-married, "the grantees under her deeds acquired all the title of the testator to such lands." The decree of the district court was affirmed.

The Congress adopted for temporary use in Oklahoma Territory the statute above quoted (section 124) and its prior construction by the district court in a suit brought in the district court to construe it and to quiet title based upon the construction to be given the section and the approval of that construction in the opinion of the Supreme Court of Nebraska as above noted.

The Nebraska statute was adopted together with its prior construction by the Nebraska court. Blevins v. W. A. Graham Co., 72 Okl. 308, 182 P. 247; Gripe v. Sinor, Okl., 416 P.2d 902; In re Allen's Will, 44 Okl. 392, 144 P. 1055, 1056.

In the case of In re Allen's Will, just mentioned (44 Okl. 392, 144 P. 1055, 1056), there was involved the refusal of the district court on appeal from an order of the county court also refusing to admit the will of a full-blood Choctaw Indian to probate. This Court there said:

"* * * (U)nder the laws of Arkansas in force in the Indian Territory, by act of Congress, the only issue triable in a proceeding to probate a will was the factum of the will, or the question of devisavit vel non. The former opinion of the court contains a review of many authorities sustaining the court's conclusion. Such, then, may be considered the state of the law in all cases arising in the Indian Territory portion of the state prior to statehood.

"Turning to the statutes in force in this jurisdiction when the will in the present case was offered for probate and the hearing had on the contest * * *"
"* * * There is no authority conferred by statute by which the court, upon a hearing of the contest, has authority to construe the will or adjudicate upon the rights of the parties or the validity of the disposition thereof. The latter section of the statute is the same as section 5672, Comp.Laws of Dakota 1887 (section 47, Prob.Code, Comp.Laws South Dakota 1910). Construing this section of the South Dakota statute, from which state our statute appears to have been adopted, the Supreme Court of that state, in Irwin et al. v. Lattin et al., 29 S.D. 1, 135 N.W. 759, Ann.Cas.1914C, 1044, held that, upon a proceeding to probate a will, the only matters to be adjudicated were that the will was duly executed and attested, was not procured by fraud; that the testator had sufficient mental capacity to make a will, and had authority to dispose of his property by will; that the attesting witnesses, where required, were competent and credible; and that the evidence was sufficient to sustain the probate * * *" "* * * This is the same conclusion that was reached by this court under the laws formerly in force in the Indian Territory."

In the case of Brock v. Keifer, 59 Okl. 5, 157 P. 88, 90, 91, this Court followed and quoted from the case of In Re Allen's Will, supra.

In the case of Courtney et al. v. Daniel et al., 124 Okl. 46, 47, 253 P. 990, 992, this Court stated:

"It is well settled that in a proceeding to probate a will the only issue triable is the factum of the will, or devisavit vel non. In re Allen's Will, 44 Okl. 392, 144 P. 1055, followed in numerous decisions, including Armstrong et al. v. Letty et al., 85 Okl. 205, 209 P. 168. In such proceeding, the court cannot construe or interpret a will, or distinguish between a valid or void disposition of property. Brock v. Keifer, 59 Okl. 5, 157 P. 88. On the probate of the will in the instant case, the court could not determine the rights of the pretermitted children herein."

In the case of In re Lincoln's Estate, Lincoln v. Lincoln, et al., 185 Okl. 464, 467, 94 P.2d 227, 231, we said:

"Decisions of other courts are cited by plaintiff in error to the effect that if a woman having a living husband conceals the fact and induces another to marry her, who then makes a will in her favor because he believes her to be his wife, such testamentary disposition to her will be held void. In re Dries' Will, 69 N.J. Eq. 475, 55 A. 814; In re Carson's Estate, 184 Cal. 437, 194 P. 5, 17 A.L.R. 239. We do not pass on this question. The validity of that portion of the will devising property to the proponent is not properly triable in the present action, the instant proceeding being only for the probate of the will. We have repeatedly held that in a proceeding to probate a will the only question triable is the factum of the will or the question of devisavit vel non. In re Allen's Will, 44 Okl. 392, 144 P. 1055; Brock v. Keifer, 59 Okl. 5, 157 P. 88; Ward v. Cook, 152 Okl. 234, 3 P.2d 728, 729. In Mantz v. Gill, 147 Okl. 199, 296 P. 441, testatrix sought to dispose of her property to the exclusion of the surviving husband. The surviving husband contested the probate of the will and the district court refused to admit it to probate. This court reversed that decision, pointing out that the admitting of the will to probate cannot determine the validity of distribution, but that such question is for consideration in later proceedings. It is therefore unnecessary and improper for us at this time to rule on this contention."

In the case of In re Heitholt's Estate (State v. Duerkson et al.), 202 Okl. 351, 356, 213 P.2d 865, 870, there was involved an appeal from an order of the district court admitting a will to probate in an appeal to that court from an order of the county court admitting the will to probate. After quoting from Brock v. Keifer, supra, and In re Allen's Will, supra, of above effect, we there said:

"By the above, it is shown that the court in the instant case was without power to construe the will as to any of its provisions or whether or not it created a trust.

"That part of the conclusions of law of the District Court relative to the creation of a trust was beyond the power of the court in the present proceeding, and the same is disapproved and stricken. Whether the will creates a trust is a question for future determination by appropriate proceedings. In all other respects, the findings and order of the District Court are affirmed."

By Article VII, Section 12, Oklahoma Constitution, it is provided that "The County Court, co-extensive with the county, shall have original jurisdiction in all probate matters, * * *."

By Section 13 of that Article it is provided further that, "The County Court shall have the general jurisdiction of a Probate Court. It shall probate wills, * * *; grant letters testamentary and of administration, settle accounts of executors, administrators, and guardians; transact all business appertaining to the estates of deceased persons, * * * including the

sale, settlement, partition, and distribution of the estates thereof."

In the case of Johnson v. Harrison, 47 Minn. 575, 50 N.W. 923, 924, the Supreme Court of Minnesota said:

" * * * (T)he term 'Probate Code' may and should be construed as meaning 'the body or system of law relating to the estates of deceased persons and of persons under guardianship' ". * * * "(A)nd in popular signification the term 'probate law' includes all matters of which probate courts generally have jurisdiction, among which is 'estates of deceased persons.' "

In his work, Oklahoma Probate Practice, (Thomas Law Book Company) at page 45, Mr. Curtis M. Oakes states:

"The scope of the jurisdiction of the County Courts in probate is, of course, confined to the consideration of those proceedings which are in their nature probate."

In Crump et al. v. Pitchford, 24 Okl. 808, 104 P. 911, one question for determination was whether the county court had jurisdiction for a forcible entry and detainer action. This Court said:

"The jurisdiction of the county court being limited and not general, jurisdiction therein is never presumed, and attaches only when specifically authorized."

This Court did recently hold in Oberlander v. Eddington, Okl., 391 P.2d 889, that the County Court's decree entered some 40 years prior to the filing of the present action in the district court for construction of a will would stand under the authority of the county court to distribute the estate of deceased, the plaintiff in the action from which the involved appeal arose having waited more than one year after having reached his majority to bring his suit.

By Article VII, Section 10, Oklahoma Constitution, the District Courts are given original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is given some other court.

It would appear that the better practice to be followed by one proposing to seek the construction of a will which has been admitted to probate is for such party to first apply for and secure the permission of the county court for that purpose.

In 96 C.J.S. Wills § 1076, 744 it is said:

"There is no general and inherent power vested in probate courts to construe wills as a distinct and independent branch of jurisdiction, and the construction of a will is not presented and cannot be litigated on an application or petition for the probate of a will. On such application the court has no jurisdiction other than to inquire into the execution of the will; nor can a construction of a will be had in a proceeding for the revocation of probate, or on petition for letters of administration with the will annexed. Such power exists only where conferred by statute, expressly or by necessary implication, and in a number of jurisdictions it has been held that no power is conferred on probate courts by local statutes to construe wills for any purpose, such power being reserved to the law and equity courts. In such jurisdictions a bill may be filed in a court of equity by direction of the probate court for the construction of a will and, advice as to the respective rights of the parties."

* * * * * *

"Thus, a court of probate may construe a will for the purpose of determining * * * to whom the property of the estate shall be distributed, * * * "

Cited under note 82 to the statement last above quoted are our decisions in Oberlander v. Eddington, supra, and Matthewson v. Hilton, Okl., 321 P.2d 396, both cited by the majority.

I respectfully dissent.

I am authorized to state that Mr. Justice LAVENDER concurs with the views herein expressed.