## STATE ex rel. MORRELL v. WORTEN, Dist. Judge.

No. 22980.   Opinion Filed Nov. 15, 1932.

Rehearing Denied Dec. 27, 1932.

Marshall & Cobb, for petitioner.

J. M. Humphreys, for respondent.

CLARK, V. C. J. This is an original action brought in this court in the name of the state of Oklahoma ex rel. Mertie N. Morrell, petitioner, against Jesse J. Worten, as judge of the district court of Osage county, Okla.; for a writ of prohibition to prevent the said court and the judge thereof from proceeding further or assuming jurisdiction in an action filed in said court No. 14215, by Robert Olohamoie Morrell et al. against John Morrell et al. and the unknown heirs of George Morrell, deceased, for partition of real estate and for determination of the heirs of George Morrell, deceased, a full-blood Osage Indian.

The record discloses that one George Morrell, a full-blood Osage Indian, died intestate about the 28th day of November, 1930, while a resident of Tulsa county, Okla., and that deceased owned real estate situated in Osage county, Okla.

That, in December, 1930, administration proceedings over the estate of George Morrell, deceased, were begun in the county court of Tulsa county, and on the 15th day of December, 1930, an administrator was appointed and qualified, and that during the pendency of said administration proceedings in the county court of Tulsa county, the action for partition and determination of heirship was filed in the district court of Osage county on the 11th day of April, 1931. To which action in the said district court one of the defendants in said action. Mertie Morrell, the alleged widow of George Morrell, deceased, filed her plea to the jurisdiction of the court and motion to dismiss, alleging that the county court of Tulsa county had assumed jurisdiction of the settlement of the said estate, and was proceeding through the administrator to the administration of said estate. and that three years from date of death of said deceased have not elapsed.

The said plea to the jurisdiction and motion to dismiss said action No. 14215, filed in the district court of Osage county, was overruled and denied by Jesse J. Worten, judge of said district, respondent herein. Whereupon this original action was brought in this court.

Section 3, chapter 83, Act of Congress ap-

proved April 18, 1912, reads in part as follows:

"That the property of deceased and of orphan minors, insane or other incompetent allottees of the Osage Tribe, such incompetency being determined by the laws of the state of Oklahoma, which are hereby extended for such purpose to the allottees of said tribe, shall, in probate matters, be subject to the jurisdiction of the county courts of the state of Oklahoma. * * *"

Section 13 of art. 7 of the Constitution of Oklahoma provides:

"The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testamentary and of administration, settle accounts of executors, administrators, and guardians; transact all business appertaining to the estates of deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the sale, settlement, partition, and distribution of the estates thereof. * * *"

Section 1384, C. O. S. 1921 [O. S. 1931, sec. 1391] provides in part:

"The county court having jurisdiction to settle the estate of any deceased person is hereby granted original jurisdiction to hear and determine the question of fact as to the heirship of such person, and a determination of such fact by said court shall be conclusive evidence of said question in all the courts of this state. Provided, that appeals may be taken from said county court within the time and in the manner provided by law as in other probate matters. * * *"

In Mallen v. Ruth Oil Co., 230 Fed. 497, wherein the jurisdiction of county courts was under consideration, the court said:

"The jurisdiction is full and complete so far as relates to matters appertaining to business of estates of minors, because it applies to all business of that character. It must be exclusive because it is not to be presumed in the absence of clear provisions to the contrary that the framers of the Constitution intended there should be any division of authority between the county courts and any other courts of the state relating to this important matter, in view of embarrassment and confusion which such divided authority would lead to. The jurisdiction is neither in plain terms nor by implication lodged in any other court."

Section 1390, C. O. S. 1921 [O. S. 1931, sec. 1386] provides in part as follows:

"That, where any person dies intestate possessed of real property in this state, or dies having devised pursuant to the law of this state any real property in this state, in terms to 'heirs,' * * * which leaves at large the names or individual identity of the particular person embraced therein, and the period of three or more years since the death of such intestate or testator has elapsed without there having been a decree by the county court of the county having jurisdiction to administer upon his estate, wherein it was judicially determined who, by name, are or were all the particular persons entitled to participate in the distribution of such real property under such devise or the law of succession, or where the grantees in any deed, or deed of patent made and issued or designated as 'the devisees' * * * of a named deceased person, without naming them, or by any other description or designation which leaves at large the names or individual identity of the particular persons embraced therein, the name and individual identity of each and all the persons who take or were entitled to take such real property and the proportion or part thereof which each takes or was entitled to take, immediately under such testamentary devise, or grant, or the law of succession, may be judicially determined and jurisdiction thereto invoked in the manner following: In any action which relates to or the subject-matter of which is such real property, or for the determination in any form of any interest, right, title or estate therein, or in which the relief demanded consists wholly or partly in excluding the defendants or any of them from any interest, * * * the plaintiff may allege, among other things, in his petition, the facts showing such testamentary devise. * * *"

In the case of Homer v. Lester, 95 Okla. 284, 219 P. 393, at page 294 of Oklahoma Reports, this court said:

"House Bill 445 (sec. 1390, C. O. S. 1921) becomes operative in every case where 'the period of three or more years since the death of such intestate or testator has elapsed without there having been a decree of the county court of the county having jurisdiction to administer upon his estate, wherein it was judicially determined who the heirs are'."

Also, in the case of Bingham v. Horn, 123 Okla. 193, 252 P. 847, in the second paragraph of the syllabus, this court said:

"Where a will has been duly admitted to probate in the county court, the district courts of this state are without original jurisdiction to determine heirship and the interest of the claimant heirs, and decree a distribution of the estate."

And in the body of the opinion of the case of Bingham v. Horn, supra, at page 195 of Oklahoma Reports, this court said:

"To determine the petition stated a cause

132

of action, would, in effect, be conferring upon district courts jurisdiction in probate matters, concurrent with the county courts, in direct conflict with the Constitution of the state. The district court would have to determine the value of the estate; and perhaps appoint appraisers; determine who were heirs and the interest due each, and that there were no creditors. This would be a usurpation of the jurisdiction conferred exclusively upon the county courts.***"

In the case at bar the decedent died during the year 1930, in Tulsa county, and administration proceedings were begun, and during the pendency of said administration proceedings the action was filed in the district court of Osage county, involving the real estate of said decedent and for determination of the heirs of said decedent. The district court of Osage county was without authority to proceed in said cause, since administration proceedings were pending in Tulsa county, and three years had not expired, during which the county court may determine the identity of the heirs.

With reference to the proposition as to whether or not the writ of prohibition is the proper remedy herein, this court, in the case of Tucker v. District Court, 108 Okla. 198, 235 P. 610, said in the body of the opinion:

"We think that where a proper showing has been made that the court is proceeding in a cause without jurisdiction, the writ of prohibition is a proper remedy to arrest the action of such court."

For the reasons stated, we conclude that Jesse J. Worten, as judge of the district court of Osage county, should be prohibited from proceeding further in said cause No. 14215.

We feel that the judge of the district court of Osage county will conform to the judgment and opinion of this court in this case without the clerk issuing the writ. For that reason, at this time the writ is withheld.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY and KORNEGAY, JJ., dissent. HEFNER, J., absent.

Note.—See under (2) annotation in 3 L. R. A. 57; 1 L. R. A. (N. S.) 843; 22 R. C. L. 4; R. C. L. Perm. Supp. p. 5167; R. C. L. Pocket ·Part, title "Prohibition," § 3.