### SIMMS v. HENDRICKS et al.

No. 22721.   May 21, 1935.

Rehearing Denied June 11, 1935.

W. H. Kisner and Bruce L. Keenan, for plaintiff in error.

R. W. McKinley, for defendants in error.

McNEILL, C. J.   This case presents the question of the jurisdiction of the district court to partition the real estate of a decedent when proceedings for the administra-tion of said estate are pending in the county court having jurisdiction of the settlement thereof.

There is no dispute in respect of the facts. There are involved three separate estates, to wit, the estates of Nellie Hendricks, Thomas Hendricks, Sr., and Thomas Hendricks, Jr., being father, mother, and son, respectively. Nellie Hendricks and Thomas Hendricks, Sr., husband and wife, Cherokee Indians, were severally allotted lands in Cherokee county. Nellie Hendricks died intestate on March 29, 1918, seized of 110 acres, comprising her homestead and surplus allotment, which she had received from the Cherokee Nation. She left surviving her, her husband, Thomas Hendricks, Sr., three children of said marriage, Rufus, Thomas, Jr., Janeanna Chaoudine, and several grandchildren, being the children of a deceased daughter.

Thomas Hendricks, Sr., died intestate August 12, 1930. He was seized of real estate consisting of about 50 acres and an undivided interest which he had inherited in said estate of his deceased wife, Nellie Hendricks.

Thomas Hendricks, Jr., died an August 24, 1930, being subsequent to the death of his parents. His estate consisted primarily of an undivided one-fourth interest in and to the real estate which he had inherited from the separate estates of his parents, to wit: Nellie Hendricks and Thomas Hendricks, Sr.

The plaintiff, H. H. Simms, acquired by purchase an undivided one-twenty-fourth interest in and to the real estate belonging to the estates of said Nellie Hendricks and Thomas Hendricks, Sr., respectively.

On August 18, 1930, separate administration proceedings were instituted in the county court of Cherokee county upon the separate estates of said Nellie Hendricks and Thomas Hendricks, Sr. On September 10, 1930, administration proceedings were also instituted in said county court upon said estate of said Thomas Hendricks, Jr.

On January 7, 1931, while said separate administration proceedings were pending in said county court and when no proceedings had been commenced therein to determine the heirs or partition the lands of said estates, plaintiff filed the instant action in the district court of Cherokee county for the determination of the heirs of said estates and the partition of the lands thereof, which action was instituted upon the

theory that said district court had original jurisdiction in the premises with the full right to adjudicate in one action all matters affecting the title to said lands involved, whether of heirship or of interest by acquisition from heirs thereto.

Plaintiff in his petition set forth the names of the heirs of said decedents and the respective interest which each heir inherited in said estates. Plaintiff alleged that there were no other heirs; that there were no outstanding debts against the estates; that plaintiff had purchased an undivided one-twenty-fourth interest in said lands, and prayed that the district court determine the heirs of said decedent; that the court partition the lands belonging to each estate among the heirs; and that the title of plaintiff in and to said lands be quieted and confirmed.

Janeanna Chaoudine, one of the children of said Thomas Hendricks, Sr., and Nellie Hendricks, also being a defendant herein and an heir to an undivided one fourth interest in and to said real estate, and the administrators of said separate estates filed separate motions to dismiss said action in the district court on the following grounds: That said estates were being administered in the county court of said county; that said county court had exclusive jurisdiction to administer on said estate; that it was the duty of said county court at the proper time in the course of the administration of said estates to determine the heirs of said estates and to enter a decree of distribution to the legal heirs of said estates, which judgment would be binding on the parties concerned, unless appealed from.

It was also urged that no partition of said real estate could be made until said decree of distribution had been made or the administrator discharged; that this action filed in the district court was an attempt to interfere with the orderly administration of said estates; and that said district court had no original jurisdiction in the administration of estates and no jurisdiction of the subject-matter in the instant action, while the same was being administered in the county court. The district court sustained said motion and rendered judgment dismissing the petition of plaintiff.

The sole question presented is whether under these facts the district court of Cherokee county should proceed to determine the heirs and partition the lands of these separate estates.

In the case of State ex rel. Morrell v. Worten, 161 Okla. 130, 17 P. (2d) 424, we held that the district court of Osage county was without authority to determine heirship and partition the real estate of a deceased Osage Indian situated in Osage county when the administration proceedings in such estate were pending in Tulsa county, and the period of three years had not elapsed since the death of the intestate. In that case we granted a writ of prohibition to arrest the action of the district court. We are of the opinion that the rule announced in the Worten Case, supra, is decisive of the questions herein presented.

We are not considering in this case the question of determining the heirs and the partition of the real estate of a decedent by the district court in the event that more than three years have elapsed from the death of such decedent and when no administration of said estate is pending. A discussion of that question in the instant case would be obiter dictum. We hold that the district court in the instant action committed no error in sustaining the motion to dismiss.

RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.