TALIAFERRO et al. v. REIRDON et al.

*99 P. 2d 520.*

No. 29017.   Jan. 16, 1940.

Rehearing Denied   Feb. 27, 1940.

Geo. E. Rider, of Madill, and Busby, Harrell & Trice, of Ada, for plaintiffs in error.

Don Welch, of Madill, for defendants in error.

HURST, J. In this action plaintiffs, Lorene Reirdon and Mary Byrd French, sought to partition certain lands in Marshall county, in which they and the defendants, their brothers, owned an undivided one-fourth interest each as heirs of their mother, Byrd M. Taliaferro, deceased. At the time the action was brought the county court of Marshall county had entered a final decree and order of distribution in the estate of Byrd M. Taliaferro, deceased, and defendants had appealed therefrom to the district court. Defendants in their answer contended that the appeal superseded the decree of distribution, and that therefore the district court was without jurisdiction to partition the real estate. No contention was made that there were any unpaid claims against the estate, or that there existed any necessity for the sale of the lands to pay debts or expenses of administration, nor were the interests of the respective parties questioned. The decree of distribution of the county court recited that no claims had been filed against the estate, and that there was approximately $5,000 in cash in the hands of the administrators for distribution. This was not denied by defendants, who, while sued as individuals, were also administrators of the estate. In their reply plaintiffs asserted the insufficiency of the appeal bond to supersede the decree of distribution as to the land involved, by reason of the failure of such bond to comply with section 1404, O. S. 1931, 58 Okla. St. Ann. § 727, and the trial court so held. Defendants appeal by transcript of the record.

This action is one of a number now pending in this court between the same parties, growing out of the administration of the estates of their parents by the defendants. The appeal from the decree of distribution of the county court was heard and decided by the district court on the same day and just prior to the decision in this case. The sole contention of defendants was that the appeal bond was sufficient to supersede the decree as to this land. Apparently no evidence was heard, but the evidence taken on the hearing of the appeal from the decree of distribution was considered by the parties and the court as decisive of this case. The decision of the district court on the decree of distribution is before us on appeal. In the appeal from the decree of distribution no contention is made that the possession or use of the land by the administrators was necessary for any purpose connected with the estate. Evidently the trial court, after hearing the appeal from the decree of distribution, concluded that the appeal bond was not intended to, and did not, supersede the decree as to the real estate.

1. During the process of administration of an estate by the county court, prior to the determination of heirship and decree of distribution therein, the jurisdiction of that court is exclusive, and proceedings to determine heirship and partition the estate may not be maintained in the district court. State ex rel. Morrell v. Worten (1932) 161 Okla. 130, 17 P. 2d 424. In the present case the county court had determined the heirs, and decreed the distribution of the estate,

consisting of real and personal property, to them. It had surcharged the administrators with certain sums which it found due the estate from them, and fixed their compensation. From this judgment their appeal was taken. The bond filed by defendants was a compliance with section 1402, O. S. 1931, 58 Okla. St. Ann. § 726, which provides for appeal bonds to be filed in such cases, but did not comply with the provisions of section 1404, O. S. 1931, 58 Okla. St. Ann. § 727, which provides in substance, so far as pertinent here, that if the decree direct the delivery of property, or the payment of money, the appeal shall not stay the execution thereof unless the appeal bond further provides that if the decree be affirmed, or the appeal dismissed, the appellant shall deliver such property or pay such money as directed thereby. Counsel for defendants frankly admit that they have found no case construing this statute with reference to the question raised, and we have found none. They rely on Venator v. Edwards (1927) 126 Okla. 296, 259 P. 596, and similar decisions, holding that defects in appeal bonds in civil cases must be attacked by motion, and an opportunity given to correct such defects. Under the peculiar factual situation here, we do not consider these cases controlling. Had the bond been so defective as to be insufficient as an appeal bond, a different question would be presented, and the cases cited by defendants would be applicable. This was not a collateral attack upon a defective bond, but a proceeding based upon the total failure of the bond to supersede the judgment as to the land. Defendants were in no wise injured, or deprived of the right to be heard on the questions raised by them on the appeal. On the record before us, we think the judgment of the trial court correct.

2. The defendants also assert that under Harjo v. Aubrey (1939) 184 Okla. 344, 87 P. 2d 140, it was the duty of the trial court to permit an amendment to cure the defect in the bond. No request for permission to amend was made until after the trial court had disposed of the appeal from the decree of distribution, but after judgment affirming that decree had been rendered, defendants suggested for the first time, in oral argument in the present case, their desire to amend, which the court refused, stating that he could see no reason for deferring the partition of the land, the estate having been closed and there being no debts. The request to amend was addressed to the sound legal discretion of the trial court (sec. 1414, O. S. 1931, 58 Okla. St. Ann. § 737) and we do not consider his refusal an abuse of discretion, in the absence of any showing of cause why the real estate should not be distributed to the heirs.

Affirmed.

BAYLESS, C. J., and RILEY, GIBSON, and DANNER, JJ., concur.