STATE ex rel. CAVETT et al. v. DOUGLASS, Dist. Judge.

No. 29795.  May 14, 1940.

*102 P. 2d 856.*

J. H. Everest and Chas. H. Garnett, both of Oklahoma City, for petitioners.

Charles Hill Johns and Harold Thweatt, both of Oklahoma City, for respondent.

W. I. Gilbert, Harry A. Wishard, and Simpson & Simpson, all of Los Angeles, Cal., of counsel, for respondent.

OSBORN, J. Petitioners, K. Cavett and the First National Bank & Trust Company, as executors of the will of W. T. Hales, deceased, seek, in this action, to obtain a writ of prohibition against Frank P. Douglass, judge of the district court of Oklahoma county, hereinafter referred to as respondent, to prohibit him from exercising further jurisdiction over an action filed in said district court.

W. T. Hales died on September 15, 1938. His will was admitted to probate on October 1, 1938, in the county court of Oklahoma county, and petitioners were appointed as executors of his will.

On December 16, 1939, while said probate proceeding was pending, one Alice Green filed an action in the district court of Oklahoma county, naming the petitioners as defendants, wherein she alleged that she is a daughter and heir of W. T. Hales, deceased, and was unintentionally omitted from his will. In said action she seeks to establish her heirship and a right to inherit a one-sixth interest in and to all of the property of the estate of deceased.

The sole question presented is whether or not the district court has jurisdiction to entertain her action. Petitioners take the position that the county court is vested with exclusive jurisdiction in the matter.

Section 1391, O. S. 1931, 84 Okla. Stat. Ann. § 251, is, in part, as follows:

"The county court having jurisdiction to settle the estate of any deceased person is hereby granted original jurisdiction to hear and determine the question (sic) of fact as to the heirship of such person and a determination of such fact by said court shall be conclusive evidence of said question in all courts of this state. Provided, that appeals may be taken from said county court within the time and in the manner provided by law as in other probate matters. If no appeal is taken the judgment of the county court shall be final, and in all cases appealed from the county court when a final determination thereof is had, same shall be a final determination of such fact of heirship. * * *"

In the case of State ex rel. Morrell v. Worten, 161 Okla. 130, 17 P. 2d 424, a writ of prohibition was issued, prohibiting a district court from proceeding in an action to determine the heirship of a decedent and partition real estate belonging to the estate where administration proceedings were pending in the county court. In construing the above statute, it was held. that the "district court of Osage county was without authority to proceed in said cause, since administration proceedings were pending in Tulsa county, and three years had not expired, during which the county court may determine the identity of the heirs."

In the case of Simms v. Hendricks, 172 Okla. 532, 45 P. 2d 746, there was involved an attempt to determine heirship and partition the real estate of a decedent in the district court, while administration proceedings were pending in the county court having jurisdiction of the settlement thereof. It was held that the case of State ex rel. v. Worten, supra, was controlling and the district court was without jurisdiction of such action. In harmony with the viewpoint expressed in these cases, see In re Thompson's Estate, 179 Okla. 240, 65 P. 2d 442; Dillard v. Franklin, 177 Okla. 34, 57 P. 2d 629; Taliaferro v. Reirdon, 186 Okla. 605, 99 P. 2d 520. Although each of these cases involved attempts by the district courts to acquire jurisdiction of various functions peculiar to the probate courts, there can be no doubt of their applicability to the present controversy. Heirship of the decedent is the subject matter of the statute above quoted and construed by these decisions, and the primary purpose of the proceeding before the district court herein involved was to procure a determination of heirship.

It is argued by respondent that this is not a proceeding to determine heirship within the meaning of the statute and these decisions; that this action presents the claim of a single person, and the sole question presented is whether or not *she* is an heir of W. T. Hales, deceased; that it is not sought to procure a general determination of heirship and that the decree of the court would not be binding upon those who are not parties to the action. By the statute the county court is granted original jurisdiction to determine the question of fact as to the heirship of the deceased person, and we cannot deprive such court of such jurisdiction by permitting the claimants to file individual and separate actions in the district court for the procurement of separate and distinct adjudications of the question of fact "as to the heirship of such person." This would defeat the purpose of the statute. We therefore hold that the proper forum for determination

of the issues presented in the petition of Alice Green is the county court of Oklahoma county, and that the district court is without jurisdiction to entertain her action.

Respondent relies upon certain language found in the opinion of this court in the case of Courtney v. Daniel, 124 Okla. 46, 253 P. 990. In that case it was shown that one John L. Courtney died testate, leaving all of his property to his widow, making no mention of his children or grandchildren in his will. The will was admitted to probate and the estate set aside to the widow. Thereafter an action was instituted by four of the pretermitted children in the district court, alleging that the will was void as to them. They sought and procured a partition of the property and an accounting. It is noted that the trial court in that case assumed jurisdiction on the ground that the orders and decrees of the county court were procured by fraud. It appears that the fifth paragraph of the syllabus and certain language discussing said question in the body of the opinion are contrary hereto, and to that extent the opinion is disapproved.

"Where a proper showing has been made, that the court is proceeding in a cause without jurisdiction, the writ of prohibition is a proper remedy to arrest the action of such court." State ex rel. v. Worten, supra.

We conclude that respondent should be prohibited from proceeding further in the action now pending before him instituted by Alice Green against the petitioners herein. We feel that he will conform to the views expressed herein without the necessity of the issuance of a formal writ. For that reason, the writ, at this time, is withheld.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.