KING v. JACKSON.

No. 31981. Dec. 22, 1945.

Rehearing Denied Jan. 15, 1946.

*164 P. 2d 974.*

Chas. W. Wortman, of Tulsa, for plaintiff in error.

Amos T. Hall, of Tulsa, for defendant in error.

WELCH, J. Maybelle A. Jackson sued to quiet title to a half interest in lot 23, block 2, Sunnybrook addition to the city of Tulsa. She claimed such interest upon the theory that her efforts and means had contributed toward the acquisition of same equally with that of one Joseph J. Jackson in whose name the legal title had reposed. Defendant claimed the entire title as an heir of the said Joseph J.

Jackson, deceased, and as administratrix of his estate.

To reverse the judgment for plaintiff, the defendant first contends:

"The trial court was without jurisdiction over the subject matter of this action."

On this point it is asserted that probate of the estate of Joseph J. Jackson is still pending and that the lot is a portion of the estate. Defendant cites Sims v. Hendricks, 172 Okla. 532, 45 P. 2d 746, and State ex rel. Morrell v. Worten, 161 Okla. 130, 17 P. 2d 424.

Those are cases where lands admittedly belonging to the estates were sought to be partitioned in the district court during the pendency of administration proceedings, and where the heirs were sought to be determined in the district court. Those decisions do not support the contention here.

In this case the object of the suit was to procure a judicial determination that the property did not belong to the estate. Plaintiff does not claim as an heir, but claims adversely to the heirs, and it is not sought to determine the heirs. The defendant's first contention is without merit.

The substance of the remaining portion of defendant's brief relates to the sufficiency of the evidence.

The record discloses the following: Plaintiff and Joseph J. Jackson sought to become husband and wife in 1909 at Muskogee, Okla. The form of the marriage was regular in all respects. They lived together as husband and wife until 1929, when they separated and lived apart at all times thereafter. Jackson died in 1940. In 1921 the lot in question was purchased in Jackson's name. A small house was moved thereon and improvements made and same was occupied as the home of plaintiff and Jackson until their separation, after which Jackson continued to occupy the same alone until his death. He was old, and was an invalid for some ten years preceding his death.

After Jackson's death plaintiff procured herself to be appointed administratrix of his estate upon the theory that she was the surviving wife. That was contested by this defendant, the daughter of deceased, upon the ground that Jackson had never been divorced from her mother, one Charity Jackson, who is still living, and that therefore this plaintiff was not the surviving wife of deceased. The daughter prevailed in such contention in that action upon appeal.

Plaintiff in this action concedes that she and Jackson were never legally married by reason of the above facts, but strongly insists that she never knew or suspected that Jackson had a living and undivorced wife until the suggestion was made in the contest for letters of administration. It is probable that Jackson was also uninformed in that regard.

Plaintiff's evidence is rather convincing to the effect that during most of the time she and Jackson lived together as husband and wife she was actively employed as a teacher, and when not so employed she worked as a domestic and contributed most of the money toward acquiring and improving this property and another small rent dwelling nearby. Jackson worked at times as a carpenter and for a period as a police officer until he became an invalid. He seems to have contributed carpenter work and some funds toward acquiring and improving the properties.

Plaintiff did not object to Jackson's continuing to live in the home place after she left, and allowed him to collect the rent from the other house to assist in his support until his death. She continued to pay some taxes on the properties after their separation.

The daughter, defendant here, first came to Tulsa in 1930, and has lived there since. She contends that plaintiff and her father divided the two properties by executed oral agreement shortly after they separated, plaintiff

taking the rent property and Jackson taking the home property (involved here) as his separate property. There is sharp conflict in the evidence in that regard.

The trial court awarded plaintiff a half interest in the property as prayed, however, impressing same with a lien in favor of defendant in an amount equaling half of the taxes paid thereon by defendant since her father's death.

The defendant cites no cases which would appear to preclude the court from decreeing plaintiff a half interest in the lot as an equal partner in the acquisition of same, and we have carefully examined the entire evidence and conclude that the findings and judgment are supported thereby. The same will therefore not be disturbed.

Affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, CORN, DAVISON, and ARNOLD, JJ., concur.