John BOUGHAN, Plaintiff in Error,

v.

Maud Bland HERINGTON (Formerly Maud Bland), et al., Defendants in Error.

No. 42153.

Supreme Court of Oklahoma,

June 23, 1970.

Samuel K. Barton, Arnett, for plaintiff in error.

Marshall Word, Arnett, for defendants in error.

HODGES, Justice.

Plaintiffs, as heirs of Rose Nellie Bland, sought in the action below, to quiet title to 40 acres of land, determine heirs and their respective interest and partition the land. From a judgment in accordance with the prayer of the petition, defendant appeals.

Defendant asserts title to the 40 acres by reason of adverse possession, claiming that he had "purchased" the land from a man in possession in 1947, for the price of one cow and has remained in possession until the present, which at the time of filing the suit was a period of about 17 years. He also states that he paid taxes on the land for about 15 years in support of his claim of ownership.

Parties will be referred to as they appeared in the lower court. Defendant asserts three errors on appeal: (1) the district has no jurisdiction to determine heirs as this is a matter for the county court; (2) the decision of the trial court is against the clear weight of the evidence; and (3) the trial court erred in admitting into evidence an unsigned copy of a letter over timely objection.

The basis of challenge to jurisdiction of the district court is that portion of the petition asking for determination of heirs and their respective interest. Defendant asserts that plaintiffs, as an element of the quiet title action, proved their title was derived from their mother who died intestate in 1914 and that there is pending an action in the county court of Ellis County, Case No. 429, which also asks for a determination of heirs as in the present case. In support of this proposition defendant cites, State ex rel. Cavett et al. v. Douglass, 187 Okl. 272, 102 P.2d 856; and State ex rel. Morrell v. Worten, 161 Okl. 130, 17 P.2d 424.

Plaintiffs, in reply, defend the jurisdiction of the district court upon the provisions of 84 O.S.1961, § 257. This statute provides that where a person dies intestate with real property or testate with real property and does not specifically designate devisees, and a period of three years (amended to one year in 1965) has passed without a decree of the county court, that the district court has jurisdiction to make a judicial determination even though administration proceedings were pending in county court. This statute was construed in the case of Gutensohn v. McGuirt, 194 Okl. 64, 147 P.2d 777, where the court said:

"The failure of the County Court to act for more than twenty five years may not deprive it of jurisdiction to act. But after three years had elapsed from the date of death of W. H. McGuirt, the District Court also had power and jurisdiction in an appropriate proceeding to determine heirship."

In the instant case the administration proceedings in the county court had been pending approximately 51 years prior to the time this action was filed in the dis-

trict court. During this pendency no final decree was made by the county court and the administration proceedings apparently have long since been abandoned. The obvious intent of the above statute was to give concurrent jurisdiction to the district court to judicially determine heirship where real estate is involved after a designated period. The Cavett and Morell cases, supra, cited by defendant, both involved actions that were filed in the district court where the three year period had not elapsed as required by the statute. We find no merit in defendant's first proposition.

The last two propositions will be considered together. Defendant maintains that the decision of the trial court is clearly against the weight of the evidence, and admission of unsigned copy of a letter was error.

Plaintiffs are heirs of one Rose Nellie Bland who died intestate in 1914, leaving the property in question. Plaintiffs deraigned their title from the patent to their mother, and by intestate succession and proof of heirship to themselves. Defendant bases his claim to ownership on adverse possession of the property for a period in excess of fifteen years. In support of his claim he shows payment of taxes for the period, possession of the land, which he fenced for pasture, and has claimed ownership of the land since 1947. Plaintiffs in opposition to this asserted ownership claim-defendant is a tenant. In support of their assertion plaintiffs introduced into evidence a written lease executed by plaintiff Maud Bland Herington and the defendant dated April 17, 1947, for a 5 year term. Part of the consideration for this lease is the payment of taxes by defendant.

Defendant admits execution of the lease, but claims he was not allowed to take possession of the property under the lease by a Mr. S who had possession and claimed ownership of the land. Defendant testified that subsequently he bought the property from Mr. S for "the price of one cow" and that his possession of the land was entered and acquired through this sale, and not under the lease, and that this actual adverse possession continued for a period of more than 15 years. Mr. S is now deceased and no deed or other evidence was presented by defendant to support his claim.

Plaintiffs also introduced into evidence a letter admittedly signed by defendant in the year 1956 addressed to plaintiff Herington. In this letter defendant refers to the 40 acres indicating that he knew the land was to be sold, and that if he were buying it, that $15.00 an acre should be all that he would want to give for it. Also, admitted into evidence is an unsigned copy of a letter to which defendant objected and now complains on appeal, addressed to an attorney located in the same city as plaintiff Herington, dated the same date as the first letter, apparently typed on the same typewriter, indicating that defendant had been using the land since 1947, paying taxes but had not paid any rentals to Maud Herington. The last paragraph of the letter indicates that defendant is interested in buying the land if the price is right and he thought the land to be worth $15.00 an acre.

■ The trial court found against defendant's contention that he was the owner based on the evidence delineated above. Even considering arguendo that the introduction into evidence of the copy of an unsigned letter was error there is ample evidence upon which to sustain the findings of the trial judge. This court has held that if the evidence reasonably tends to support the findings of the trial court in an action of purely equitable cognizance, judgment will not be disturbed on appeal. Blagg v. Rutledge, 207 Okl. 559, 251 P.2d 196. And in the case of LaDoux v. Bohn, Okl., 420 P.2d 501, we said in the second syllabus of that case:

"In a case of equitable cognizance tried without the aid of a jury, the matter of admitting and rejecting evidence is largely within the discretion of the trial judge; and, where the judgment is not clearly against the weight of the evidence, the Supreme Court will not assume that it

was based upon allegedly incompetent evidence, but will affirm the judgment, absent a showing that it was."

We find no error on the part of the trial judge, and finding that defendant received a fair trial, the judgment is affirmed.

All Justices concur.